# United States District Court

SOUTHERN DISTRICT OF IOWA

RECEIVED FEB 2 0 2013 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA

V.

ANGELO PETER EFTHIMIATOS

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:13-mj-3

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

### Count 1

From on or about February of 2012 until February 19, 2013, in the Southern District of Iowa, defendant, Angelo Peter Efthimiatos, did knowingly and intentionally conspire with one or more persons to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(D).

### Count 2

On or about February 19, 2013, in the Southern District of Iowa, defendant, Angelo Peter Efthimiatos, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 8441(a)(1), (b)(1)(D).

I further state that I am a Task Force Officer with the U.S. Drug Enforcement Administration and that this Complaint is based on the following facts:

See Affidavit attached and incorporated

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

David M. Hoagland, Task Force Officer
U.S. Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

February 20, 2013 at Davenport, Iowa
Date                                City and State

Thomas J. Shields
U.S. Magistrate Judge
Name & Title of Judicial Officer         Signature of Judicial Officer

## AFFIDAVIT

UNITED STATES OF AMERICA   )
                           )ss
SOUTHERN DISTRICT OF IOWA  )

Your affiant, David M. Hoagland, being duly sworn state and depose as follows:

1. I am a Special Agent with the Department of Homeland Security/ Homeland Security Investigations (HSI). I am assigned to the Resident Office in Cedar Rapids, Iowa where I have authority under Title 18, Title 8, and Title 19 of the U.S. Code. I have been employed by the federal government since 1991 and I have been a Special Agent since 2002. In addition to my formal training as an immigration and customs officer, I have completed various drug related courses which have familiarized me with the operation of drug trafficking organizations, methods of importation, and distribution of controlled substance by drug traffickers, and the financial methods used by drug traffickers. I have been working with the DEA since approximately February 2008 where I am responsible for investigating violations of federal controlled substance laws under Title 21 of the U.S. Code including Sections 841(a)(1), 843 and 846.

2. I have participated in numerous investigations of both organizations and individuals involved in the unlawful trafficking of controlled substances, including cocaine, marijuana, heroin, methamphetamine, MDMA, and other illicit drugs. I have debriefed numerous individuals involved in illicit drug trafficking and I have participated in the execution of numerous search warrants that resulted in the seizure of controlled substances, drug records, and equipment used by drug traffickers. As a result of the above, I am familiar with the manner, means, and interactions by which controlled substances are unlawfully distributed, the roles played by individuals and groups in their distribution, coded language often used by those involved in the distributions of controlled substances to mask their illicit activity, and the equipment and items maintained by such persons in secretive locations to further their unlawful activities.

3. This affidavit is in support of a complaint charging Angelo Peter Efthimiatos (Efthimiatos) with conspiracy to possess with intent to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(D). The assertions in this affidavit are based upon my involvement in the investigation of Efthimiatos and discussions with other investigators. The information provided in this affidavit is provided for the limited purpose of establishing probable cause. The information is not a complete statement of all facts related to this case.

4. On February 19, 2013, the pilot of a Piper airplane landed the airplane at Washington Municipal Airport located in Washington, Iowa. At 11:45 a.m., the Department of Homeland Security Air and Marine Operations Center contacted the

Washington Police Department and requested an officer inspect the general aviation documents of the aircraft in accordance with Title 49 U.S.C. § 44103(d). Law enforcement officers from the Washington Police Department traveled to the Washington Municipal Airport, met Efthimiatos, and asked to see the general aviation documents of the aircraft including his pilot's license. The officers asked for air worthiness documents and Efthimiatos went to the airplane claiming he would retrieve the documents from there. Efthimiatos looked into a briefcase and then reported to officers that he could not locate the necessary airworthiness documents. He advised he would have to call his partner to get the documents. The airworthiness documents were never produced.

5. It was learned that Efthimiatos had landed in Washington, Iowa to re-fuel the airplane and to have mechanics check out a mechanical problem with the aircraft.

6. During the time that the airplane was at the airport, Officer Bret Sorrells had his drug detection dog, Ultro, sniff the open air around the aircraft. Ultro has been in service for three years and is certified by the United States Police Canine Association to detect the presence of controlled substances including marijuana. He has been re-certified every year and has been shown to be reliable in detecting controlled substances. Ultro gave a positive alert to the airplane indicating the presence of controlled substances.

7. At approximately 1:00 p.m., Special Agents from HSI arrived at the airport. Efthimiatos was advised of his *Miranda* rights and admitted to agents that he was transporting contraband from California to the eastern part of the country. He admitted that others loaded the marijuana onto the plane and that he was going to unload the marijuana from the aircraft into a car, and then drive the car to another location and unload it for someone else to retrieve. He advised that this was his fourth or fifth trip and later admitted that the airplane contained approximately 55 pounds of marijuana. A search of the airplane revealed approximately 55 pounds of high-grade marijuana. On the east coast of the United States, high grade marijuana sells for about $4,000 to $5,000 per pound or more.

8. Your affiant submits that the information recited in this affidavit is to the best of my knowledge true and accurate and petitions the court to issue a complaint charging Angelo Peter Efthimiatos with Conspiracy to Distribute controlled substances and possession with intent to distribute controlled substances in violation of Title 21, United States Code, §§ 841 and 846.

David M. Hoagland, Task Force Officer
U.S. Drug Enforcement Administration

Sworn to and subscribed in my presence this 20th day of February 2013.

_____
Thomas J. Shields
United States Magistrate Judge