**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA**

RECEIVED
JAN 07 2019
CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | Case No. 3:13-CR-00015(SMR) |
| ) | |
| ANGELO EFTHIMIATOS,   ) | |
| ) | |

## MOTION TO DISMISS ARREST WARRANT FOR MULTIPLE VIOLATIONS OF THE SPEEDY TRIAL ACT

Angelo Efthimiatos, the Defendant, hereby moves this Court to dismiss his April 12, 2018 Arrest Warrant with prejudice pursuant to 18 U.S.C. §3162(a) for several violations of the Speedy Trial Act, 18 U.S.C. §3161 et seq.

### I. Preliminary Statement

It is important to point out that the leading Speedy Trial case for the entire Nation emanated from the Eighth Circuit. In *Bloate v. United States*, 559 U.S. 196 (2010), the Supreme Court remanded the case back to the Eighth Circuit and Bloate's 30 year sentence was dismissed due to a speedy trial violation of 16 days (see *United States v. Bloate*, 655 F.3d 750 (8th Cir. 2011)). The decision in *Bloate* is based on another Eighth Circuit case, *United States v. Dezeler*, 81 F.3d 86 (8th Cir. 1996), where the defendant in that case had his indictment dismissed for a speedy trial violation of only one day. Mr. Efthimiatos's Arrest Warrant **must be** dismissed due to the law under *Bloate*, *United States v. Tinklenberg*, 131 S.Ct. 2007 (2011) (violation of only nine days), and *Dezeler,* as well as the fact that all four points of the *Barker* test favor Mr. Efthimiatios in this case. As the Supreme Court stated in *Barker v. Wingo*, 407 U.S. 514 (1972):

> "[I]nordinate delay between public charge and trial, ... wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" *Id.* at 537.

1

In calculating the various violations of the Speedy Trial Act (STA) 18 U.S.C. §3161 et seq, the STA Clock for the Southern District of Iowa started on April 12, 2018, when Judge Rose signed the Arrest Warrant (there is no indictment in this case) (see Exhibit One) accusing Angelo of the same crime he was arrested for on April 10, 2018 in Vermont (see Vermont Complaint as Exhibit Two and Vermont Indictment as Exhibit Three). While it is true that the STA Clock starts with the later of the Initial Appearance or the Indictment (see §3161(a)), in this case, Angelo has not appeared in Iowa, nor has there been any effort to bring him before this Court since the issuance of the Arrest Warrant in April. Mr. Efthimiatos has been detained away from his family since April 10, 2018, and his bail has been denied due to this Court's insistence since April 12, 2018 that he be held without bail, even though he has still not appeared before anyone in Iowa, and despite the fact that usually only murderers and terrorists are the type of people detained without bail. Furthermore, a cursory glance at his docket in Iowa shows that there have been no continuances, updates, or analyses pursuant to *United States v. Zedner*, 547 U.S. 489, 507 (2006) in Iowa as required by the Speedy Trial Act and the Supreme Court. His detention was ordered even though he has a disabled wife, a special needs child, and a farmhouse in Vermont that he was working on substantial renovations and restoration. It is absurd to think that he would leave the country while on Probation in Iowa, which would expose him to a 10-year sentence for a probation violation and fleeing before trial, and now before he is sentenced in Vermont.

It is important to note that Nishal Sankat, the Canadian student from Trinidad who recently attempted to steal an airliner at the Melbourne-Orlando Airport received a sentence of 12 days – time served – and a fine of $910, while Angelo has been detained in maximum security prisons since April for a "traffic-ticket" type violation of flying without an Airman's

2

Certificate because of an unlawful arrest warrant pending in this Court since April. However, his Airman's Certificate was still in force on the FAA's own computer at the time of his arrest.

Mr. Efthimiatos should have been granted bail for his minor infraction. The Second Circuit has interpreted Section 3142(e) of the Bail Reform Act of 1984 to require a district court to engage in a two-step inquiry before ordering a defendant detained pending trial. *United States v. Shakur*, 817 F.2d 189, 194-95 (2d Cir. 1987) (citing *United States v. Berrios Berrios*, 791 F.2d 246, 250 (2d Cir.1986)). First, the court must make a finding as to whether the defendant presents a risk of flight if not detained. *Shakur* at 194-95 (*citing United States v. Martir*, 782 F.2d 1141, 1146 (2d Cir. 1986) (listing factors to be considered in making a finding whether a defendant presents a risk of flight)). Second, if the court finds that a defendant is a risk of flight, then the court must proceed to the second step of the inquiry, and determine whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released. *Shakur* at 194-95. Neither this Court nor the Vermont Court did this constitutional analysis required by the Due Process Clause.

The burden of proof is on the Government to prove the absence of such conditions by a preponderance of the evidence. *Id. See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). Among the factors that a district court must take into account in conducting this inquiry are: (i) "the nature and circumstances of the offense charged," 18 U.S.C. §3142(g)(2); (ii) "the weight of the evidence against the person;" §3142(g)(2); (iii) "the history and characteristics of the person" §3142(g)(3) and (iv) "the nature and seriousness of the danger to any person or community that would be posed by the person's release." §3142(g)(4). Included in the history and characteristics of a person are, inter alia, his character, family ties, employment, financial

3

resources, length of residence in the community, community ties, past conduct, and record concerning appearance at court proceedings. §3142(g)(3)(A).

None of this analysis was done in Angelo's case, and he has been held without bail for almost nine months, which is more than the amount of time the defendant in *Barker* was held. Angelo could have had an ankle bracelet, but due to this Court's actions and the communication between the AUSA in Iowa and the AUSA in Vermont, Angelo is that rare defendant that has both a Speedy Trial constitutional claim as well as several violations of the Speedy Trial Act and the Due Process Clause (see *Betterman v. Montana*, 136 S.Ct. 1609 (2016)). *See, also, United States v. Pennick*, 2016 WL 4089192 (W.D.N.Y. 2016). "Although unusual, it is possible for a delay that does not violate the [Speedy Trial Act] to run afoul of the Sixth Amendment's guarantee of a speedy trial." *See United States v. Green*, 2018 WL 786185 (W.D.N.Y. 2018), *citing Pennick* at *2, *aff'd* 713 Fed.Appx. 33 (2d Cir. 2017). The standard for both constitutional Speedy Trial Clause violations and Due Process Clause delay violations is *Barker*, and as the Second Circuit noted in *Pennick*, the defendant in *Barker* was detained for only five months while awaiting trial, four months less than Angelo at this time.

## II. Angelo's Arrest Warrant Must Be Dismissed for Several Violations of the Speedy Trial Act

The government has demonstrated its "truly neglectful" and "demonstrably lackadaisical attitude" to Mr. Efthimiatos's rights by continuing to violate his Constitutional right to a Speedy Trial, as he will not sit in front of this Court until over nine months after being arrested. *See United States v. Taylor*, 487 U.S. 326, 338 (1988) (court may dismiss with prejudice in light of "truly neglectful attitude on the part of the Government"); *United States v. Giambrone,* 920 F.2d 176, 180 (2d Cir. 1990) (court may dismiss with prejudice in light of prosecution's "demonstrably lackadaisical attitude"). There is actually no valid excludable time on the Iowa

Docket at all because there has been no balancing test whatsoever as required by §3161(h)(7) and *Zedner* ("[n]o such period of delay...shall be excludable...unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.") *Id.* at 507. See the current Docket attached as Exhibit Four.

Angelo will assert that the Iowa Speedy Trial Clock began on April 12, 2018 and was not stopped until the filing of this motion, so there are several separate periods of more than 71 days in violation of §3161(a)(2). Therefore, this Honorable Court has no choice but to dismiss this Arrest Warrant pursuant to §3162(a). Further below, Angelo will show that all of the factors of §3162 are in his favor to dismiss the Indictment **with** prejudice as has been done in many other districts throughout the country. The Government is prohibited from arguing that this Court or even a Vermont Magistrate can possibly ignore the clear statutory requirements of §3161(h)(7)(A):

> **(h)** The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence
>
> **(7) (A)** Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. **No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.**

Also, the precedent of the Second Circuit as stated in *United States v. Sarmiento*, 2018 WL 3244391 (2d Cir. 2018):

> "The Section 3161(h)(8), or "ends-of-justice," continuance allows district courts in their

discretion to exclude time that would otherwise count towards the Act's 70-day clock. **Continuances granted under this provision are subject to stringent requirements, however: the court must state on the record the reasons for the continuance, taking into account specified factors, and must weigh those reasons against the interests of the public and defendant in a speedy trial.** 18 U.S.C. §3161(h)(7)(A),(B)." *Id.* at *2 (emphasis added).

The amount of time that has passed in this case is extraordinary both for Vermont, but especially for Iowa. Even less time was sufficient in *United States v. Giambrone*, 920 F.2d 176 (2d Cir. 1990) to have a notorious drug dealer's indictment dismissed with prejudice, which was affirmed by the Second Circuit. Similarly, Angelo has been deprived of his liberty for over nine months for what amounts to a traffic ticket; clearly a violation of the Due Process Clause of the Fifth Amendment, and he has been denied bail despite the fact that kidnappers and murderers teaching school children to kill other children have received bail and/or had their indictments dismissed due to a 10 day delay. This shows that Angelo's Eighth Amendment right to bail was violated, as well as his Sixth Amendment right to a Speedy Trial. In addition to these Constitutional violations, this Court should not excuse nor countenance the Government's clear violations of §3161(j) and §3164, which specifically requires a trial within 90 days when the Government asks to detain a defendant as a flight risk. The US Attorney for Iowa was in constant contact with the US Attorney for Vermont, so both committed violations of §3161(j) and §3164. This Court should use its powers under Rule 48(b) to dismiss the Arrest Warrant.

## III.    The Arrest Warrant Should Be Dismissed with Prejudice

The only analysis this Court should be considering is whether to dismiss the Arrest Warrant **with** or **without** prejudice as the four-fold violations of the Speedy Trial Act, the Speedy Trial Clause, and the Due Process Clause cannot be ignored. Mr. Efthimiatos not only qualifies for the quashing of his arrest warrant under the Speedy Trial Act because there has been no indictment within 30 days of arrest, no arraignment, and no trial within 70 days as well as no

excludable time on the docket, he also qualifies for the dismissal of his future indictment (if any) under the Fifth Amendment for Due Process violations (see *Betterman v. Montana*, 136 S.Ct. 1609 (2016)) and the Speedy Trial Clause of the Sixth Amendment. Mr. Efthimiatos has been held without bail for almost nine months for what amounts to a minor traffic ticket violation; which is longer than the defendant in *Dezeler* was held, and the student that attempted to steal a 737 from the Orlando-Melbourne Airport only received 12 days in jail.

The DEA Agents who unlawfully seized, detained, and unlawfully searched Mr. Efthimiatos's airplane, found no drugs and did not have jurisdiction to do the FAA's job. Mr. Efthimiatos was not flying any passengers either, which means he does not need an Airman's Certificate, but, to cover up their unlawful acts, they created a crime where none existed so they could arrest Mr. Efthimiatos. This is clearly unconstitutional based on the Supreme Court's decisions in *Riley v. California*, 134 S. Ct. 2473 (2014), *United States v. Wurie*, 134 S. Ct. 999 (2014). The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "If the government violates this constitutional right, the criminal charges must be dismissed." *See, e.g., United States v. Dowdell*, 595 F.3d 50, 60 (1st Cir. 2010), *citing Strunk v. United States*, 412 U.S. 434, 439-40 (1973).

The multiple STA violations in this case are *not* a close call. However, *any* STA violation requires dismissal of the indictment or the Arrest Warrant. To determine whether to dismiss the case with or without prejudice, "the court shall consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a []prosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. §3162(a)(1). The Supreme Court has

7

further directed courts to consider the prejudice suffered by the defendant as a result of the delay. *See United States v. Taylor*, 487 U.S. 326, 334 (1988) ("[T]here is little doubt that Congress intended this factor to be relevant for a district court's consideration."); *accord United States v. Wilson*, 11 F.3d 346, 352 (2d Cir. 1993); *United States v. Kiszewski*, 877 F.2d 210, 213 (2d Cir. 1989).

The punishment for this minor violation would likely have been for less time than Angelo has already spent in detention in Vermont. The reasons for the delay rest squarely on the shoulders of the Government and this Court. There is nothing here to indicate that Angelo or his counsel played any part in holding up the process. Whether the Government or even a court itself causes the delay, the outcome is effectively the same. *See Giambrone, United States v. Bert*, 814 F.3d 70 (2d Cir. 2016), and *United States v. Tigano*, 880 F.3d 602 (2d Cir. 2018). There is only one federal government, and its actions unfortunately affect prosecutors. Where the violation of the STA is attributable to the prosecution, or even the court, "the allowance of []prosecution of defendant[ ] for the charged offense[ ] would completely negate the beneficent purposes intended to be accomplished by the Act in insuring timely trial of defendants, especially those incarcerated pending trial as w[as] th[is] defendant[ ]." *Rivas* at 687. In consideration of the above, this case should be **dismissed with prejudice.** *See Giambrone* at 182 and *Bert* at 87.

The Court should dismiss this case with prejudice in light of the Speedy Trial Act violations. The Government has demonstrated its "truly neglectful" and "demonstrably lackadaisical attitude" to Angelo's rights. *See United States v. Taylor*, 487 U.S. 326, 338 (1988) (court may dismiss with prejudice in light of "truly neglectful attitude on the part of the Government"); *Giambrone* at 180 (court may dismiss with prejudice in light of prosecution's "demonstrably lackadaisical attitude"). There is actually no excludable time on the Docket,

because he was never indicted, arraigned, or tried within the relevant time periods and Angelo

should have been released pursuant to §3164 after 90 days, and because this Court did not do any

test, let alone the balancing test required by §3161(h)(7)(A) and *Zedner*.  Since this Court should

dismiss the Arrest Warrant based on *Giambrone* as well as *Zedner*, Angelo respectfully submits

*United States v. Montecalvo*, 861 F. Supp. 2d 110 (E.D.N.Y. 2012) for the proposition that he

has been "punished" enough. As the Judge for the District of Rhode Island stated in *United*

*States v. Fawster*, 2013 WL 4047120 (D.RI. 2013) *citing Montecalvo*:

> These consequences, exacerbated by the delay, have resulted in an adverse impact on
> Defendant that likely exceeds the consequences that would have been imposed had this
> matter proceeded to trial and a verdict of guilty been rendered. Such adverse impact is a
> factor tipping in favor of dismissal with prejudice. "The longer the delay, the greater the
> presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial
> or the restrictions on his liberty ... whether he is free on bail or not, [the delay] may
> disrupt his employment, drain his financial resources, curtail his associations, subject him
> to public obloquy, and create anxiety in him, his family and his friends." *Taylor* at 340;
> *see Montecalvo* at 120. When the delay leaves the defendant in the disadvantageous
> position of charged but untried for an extended period, the circumstances tip toward
> dismissal with prejudice. *Giambrone* at 182 (where defendant indicted but untried for
> more than a year, dismissal with prejudice affirmed). *Fawster* at *4.

This disregard of Angelo's straightforward speedy trial rights reveals, at a minimum, a

"truly neglectful attitude" on the part of the government that warrants dismissal with prejudice.

"The responsibility for pursuing a prosecution lies entirely with the government." *United States*

*v. Bufalino*, 683 F.2d 639, 646 (2d Cir. 1982). Where a defendant is detained on the

government's request, its obligations under the Speedy Trial Act should be strictly enforced as

both §3161(j) and $3164 require. It is plain that the Government has dramatically deprioritized

its responsibilities under the Act in this case. Dismissal with prejudice is necessary to ensure

that the government solves this problem. "It is self-evident that dismissal with prejudice always

sends a stronger message than dismissal without prejudice, and is more likely to induce salutary

changes in procedures, reducing pretrial delays." *Taylor* at 342.

For example, the Government may argue that the delay has not resulted in actual prejudice to the Defendant. ·But, this ignores what the Government has ignored all along: that Angelo has been detained at the Government's request for almost 270 days awaiting trial for what amounts to a traffic ticket or a minor probation violation (i.e., assume he drove to Massachusetts instead of flying). When a defendant has been incarcerated for this long, "whatever advantage the government might have derived by the lack of actual prejudice is outweighed by the *presumed* suffering and disruption that the delay and detention caused the defendant and the erosion of public confidence in the criminal justice process that such delay has caused." *United States v. Golom*, 2009 WL 2132618 (E.D.N.Y. July 13, 2009) (emphasis added); (presumed prejudice to incarcerated defendant "weighs in favor of dismissal with prejudice"); *see also Giambrone* at 180-81 (affirming dismissal with prejudice even though "delays perhaps did not prejudice [defendant] in terms of a loss of evidence" and where "the only prejudice" articulated was that defendant was under indictment).

The Speedy Trial guarantee of the Sixth Amendment encompasses more than simply ensuring a speedy "trial." Rather, it was designed by the Framers, in part, "to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, *and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.*" *United States v. Loud Hawk*, 474 U.S. 302, 311 (1986) (emphasis added). *See, also, United States v. Ewell*, 383 U.S. 116, 120 (1966) (Sixth Amendment guarantee of a speedy trial "is an important safeguard," *to minimize anxiety and concern accompanying public accusation* and to limit the possibilities that long delay *will impair the ability of an accused to defend himself*") (emphasis added). As the Supreme Court stated in a unanimous decision dismissing the indictment of a convicted killer, Rocky Moore:

Moreover, prejudice to a defendant caused by delay in bringing him to trial is not confined to the possible prejudice to his defense in those proceedings. Inordinate delay, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. These factors are more serious for some than for others, but they are inevitably present in every case to some extent, for every defendant will either be incarcerated pending trial or on bail subject to substantial restrictions on his liberty. *Moore v. Arizona*, 414 U.S. 25, 27 (1973), *citing United States v. Marion*, 404 U.S. 307, 320-21 (1971).

The prejudice suffered by Angelo and his family in this case from his unlawful and unconstitutional detention is palpable, and requires the Court to consider the prejudice that the delay has caused the defendant, specifically his interest in (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern on the part of the accused; and (3) limiting the possibility that the defense will be impaired. *See Barker* at 532. The undeniable prejudice suggested here is twofold. First, Angelo cannot present any defense while incarcerated, much less his "best defense" as guaranteed by the Constitution. *See, e.g., Holmes v. South Carolina*, 547 U.S. 319, 324 (2006). Second, he is at risk of over serving a sentence for such a minor infraction that he truly did not knowingly violate. But as stated above, the likelihood of this Court considering a sentence other than time-served for this first-time offender whose case presents no aggravating circumstances is slim. The Supreme Court has held that the presumption that pretrial delay has prejudiced the defendant "intensifies over time." *Doggett*, 505 U.S. at 651. This is clearly a case of "presumptive prejudice."

The incarceration of Angelo has been unconstitutionally oppressed, and now he has been transferred once again to a remote and unfriendly place, far away from his family that desperately needs him. It should be noted that the leading Venue case in America, *United States v. Cabrales*, 524 U.S. 1 (1998), also emanated from the Eighth Circuit. If Venue was not appropriate for Vicki Cabrales who was a drug dealer that lived in Missouri but did her money

laundering in Florida, then clearly Angelo has done nothing in Iowa, not even his alleged probation violation.

Angelo is extremely anxious and desperate to get home because he does not know what is going to happen with his family in his absence or with this case. He has not been granted bail, remains incarcerated, and his Arrest Warrant has not been quashed despite the obvious violations of the Speedy Trial Act in the Vermont case, including both §3161(j) and §3164, along with the more traditional Speedy Trial Act violations described above all of which require the Iowa Arrest Warrant to be quashed.

## IV.    Conclusion

In view of all of the above, it is respectfully requested that the Arrest Warrant filed against Angelo be dismissed with prejudice, and he be released in Iowa as soon as he arrives.

**WHEREFORE**, it is requested that the Court be informed of the present motion and that the same be granted thereby dismissing the Arrest Warrant against Angelo Efthimiatos with prejudice.

Respectfully submitted

/s/ Nancy Dellamonte
Nancy Dellamonte
3710 Route 30
Sudbury, VT  05733
914-274-1678

# EXHIBIT ONE

## Iowa Arrest Warrant

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

RECEIVED
USMS S/IOWA

for the

2018 APR 12  P 1: 40

Southern District of Iowa

United States of America

v.

ANGELO PETER EFTHIMIATOS

*Defendant*

)
)
)
)
)
)

Case No.   3:13-cr-00015

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*      Angelo Peter Efthimiatos                                                                      ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment       ☐ Information       ☐ Superseding Information      ☐ Complaint

☐ Probation Violation Petition      ☑ Supervised Release Violation Petition      ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Supervised Release Violation (see petition).

Date:      04/12/2018

City and state:      Davenport, Iowa

Issued by U.S. District Judge Stephanie M. Rose

*Issuing officer's signature*

WARRANT ISSUED

JOHN S. COURTER, Clerk

By:  *Deborah M. Hughes*

DEPUTY CLERK

### Return

This warrant was received on *(date)*   4/12/18   , and the person was arrested on *(date)*   4/12/18

at *(city and state)*   Rutland, VT   .

Date:   4/12/18

*Arresting officer's signature*

SDUSM   Sean M. O'Neal

*Printed name and title*

# EXHIBIT TWO

## Vermont Complaint

AO 91 (Rev. 11/11) Criminal Complaint

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

# UNITED STATES DISTRICT COURT

for the

District of Vermont

2018 APR 10  AM 10: 23

CLERK

BY_____

DEPUTY CLERK

| United States of America | ) | |
| v. | ) | Case No. |
| Angelo Peter Efthimiatos | ) | 2:18-MJ-38 |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 9-10, 2018 _____ in the county of _____ Rutland _____ in the _____ District of _____ Vermont _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 USC 46317 | knowingly and willfully serving in any capacity as an airman operating an aircraft in air transportation without an airman's certificate authorizing him to serve in that capacity, to wit, serving as the pilot of a Piper Aircraft, tail number N4563F, without a certificating authorizing him to serve as the pilot of such plane. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DEA Special Agent Brandon Hope
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 04/10/2018 _____

_____
*Judge's signature*

City and state: _____ Burlington, Vermont _____

Hon. John M. Conroy, U.S. Magistrate Judge
*Printed name and title*

# EXHIBIT THREE

## Vermont Indictment

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 APR 26  PM 2: 52

BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| ANGELO EFTHIMIATOS | ) |

NO. 2:18-cr-49-1

(49 U.S.C. § 46306)

## INDICTMENT

The Grand Jury charges:

### COUNT 1

1. At all times relevant to the indictment:

    a.  The Federal Aviation Administration ("FAA"), an agency of the United States Department of Transportation, was responsible for the safety of all persons occupying and operating domestic aircraft. This agency was further responsible for certifying and regulating the pilots of civil aircraft. The FAA discharged this responsibility by issuing regulations that, among other things, determine the qualifications of domestic pilots. Specifically in order to lawfully pilot a civil aircraft, an individual must obtain an FAA Pilot Certificate.

    b.  On or about July 1, 2014, the FAA revoked ANGELO EFTHIMIATOS's pilot certificate, number 3212215. The revocation order advised ANGELO EFTHIMIATOS that no future application for an airman's certificate would be accepted by the FAA and that his certificate was revoked for life.

    c.  Between in or about January 2018 and in or about March 2018, on at least four separate occasions, ANGELO ETHIMIATOS purchased fuel for aircraft in preparation for flight or after landing at the Rutland-Southern Vermont Regional Airport (RUT) in North

Clarendon, Vermont. The fuel purchases included purchases for a Piper aircraft with tail number N4563F.

        d.  In the Spring of 2018, N4563F made multiple trips of short duration, often traveling late at night between small airports like Newport State Airport in Rhode Island (UUU), Nantucket Airport in Nantucket, MA (ACK) and Rutland-Southern Vermont Regional Airport (RUT) after those airports had closed. ANGELO EFTHIMIATOS acted as a pilot for at least some of these trips.

        2.  Between on or about April 9, 2018 and on or about April 10, 2018, in the District of Vermont and elsewhere, the defendant ANGELO EFTHIMIATOS knowingly and willfully served in any capacity as an airman without an airman's certificate authorizing him to serve in that capacity, in that he piloted N4563F from Nantucket, MA (ACK) to North Clarendon, Vermont (RUT).

        (49 U.S.C. §46306(b)(7))

        A TRUE BILL

        FOREPERSON

Christina Nolan by EaPc
CHRISTINA E. NOLAN (EAPC)
United States Attorney
Burlington, Vermont
April 26, 2018

# EXHIBIT FOUR

## Current Iowa Docket

# U.S. District Court
## Southern District of Iowa (Davenport)
## CRIMINAL DOCKET FOR CASE #: 3:13-cr-00015-SMR-HCA-1

Case title: USA v. Efthimiatos et al
Other court case number: 2:18-cr-00136 District of Vermont
(Burlington)
Magistrate judge case number: 3:13-mj-00003-TJS

Date Filed: 03/19/2013
Date Terminated: 06/19/2014

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2013 | 1 🖼 | COMPLAINT filed by USA as to Angelo Peter Efthimiatos signed by Magistrate Judge Thomas J. Shields. (dmh) [3:13-mj-00003-TJS] (Entered: 02/20/2013) |
| 02/20/2013 | | Judge update in case as to Angelo Peter Efthimiatos. Magistrate Judge Thomas J. Shields added. (dmh) [3:13-mj-00003-TJS] (Entered: 02/20/2013) |
| 02/20/2013 | | Case unsealed as to Angelo Peter Efthimiatos. (dmh) [3:13-mj-00003-TJS] (Entered: 02/20/2013) |
| 02/20/2013 | | Arrest of Angelo Peter Efthimiatos. (dmh) [3:13-mj-00003-TJS] (Entered: 02/20/2013) |
| 02/20/2013 | 2 | Minute Entry for proceedings held before Magistrate Judge Thomas J. Shields. Initial Appearance as to Defendant Angelo Peter Efthimiatos held on 2/20/2013. Attorney Diane Helphrey appeared for Defendant. Preliminary Hearing set for 2/25/2013 at 09:30 AM in Davenport - Room 140 - 1st Floor before Magistrate Judge Thomas J. Shields. Detention Hearing set for 2/25/2013 at 09:30 AM in Davenport - Room 140 - 1st Floor before Magistrate Judge Thomas J. Shields. (Court Reporter FTR Gold-140) (dmh) [3:13-mj-00003-TJS] (Entered: 02/20/2013) |
| 02/20/2013 | 3 | ORAL MOTION for Detention by USA as to Angelo Peter Efthimiatos. (dmh) [3:13-mj-00003-TJS] (Entered: 02/20/2013) |
| 02/20/2013 | 4 | TEMPORARY ORDER OF DETENTION as to Angelo Peter Efthimiatos. Signed by Magistrate Judge Thomas J. Shields on 2/20/2013. (dmh) [3:13-mj-00003-TJS] (Entered: 02/20/2013) |
| 02/22/2013 | 5 | TEXT ORDER. Due to inclement weather conditions, and the need for witnesses to travel from out of town, the preliminary and detention hearing for Defendant Angelo Peter Efthimiatos is continued from February 22, 2013 to February 25, 2013 at 9:30 a.m., at the U.S. Courthouse, Davenport, before Magistrate Judge Thomas J. Shields. Signed by Magistrate Judge Thomas J. Shields on 2/22/2013. (dam) [3:13-mj-00003-TJS] (Entered: 02/22/2013) |
| 02/25/2013 | 6 | Minute Entry for proceedings held before Magistrate Judge Thomas J. Shields: Preliminary Hearing as to Angelo Peter Efthimiatos held on 2/25/2013. Court finds PC for the issuance of the criminal complaint and arrest of the defendant. (Court Reporter Linda Egbers.) (bp) [3:13-mj-00003-TJS] (Entered: 02/25/2013) |
| 02/25/2013 | 7 | Minute Entry for proceedings held before Magistrate Judge Thomas J. Shields: Detention Hearing as to Angelo Peter Efthimiatos held on 2/25/2013. (Court Reporter Linda Egbers.) (bp ) [3:13-mj-00003-TJS] (Entered: 02/25/2013) |

| | | Office. (Attachments: # 1 Case law, # 2 Envelopes) (rmj) Modified on 5/4/2015 (rmj). (Entered: 05/04/2015) |
|---|---|---|
| 05/22/2015 | 265 | REPLY to Motion by Angelo Peter Efthimiatos re 264 MOTION to Alter/Amend Judgment (bp ) (Entered: 05/22/2015) |
| 06/02/2015 | 266 | EMERGENCY MOTION to Sign Amended 212 Judgment and Commitment Order by Angelo Peter Efthimiatos. Responses due by 6/12/2015 (bp ) (Entered: 06/02/2015) |
| 06/03/2015 | 267 | NOTICE as to Angelo Peter Efthimiatos. (bp ) (Entered: 06/03/2015) |
| 06/08/2015 | 269 | NOTICE as to Angelo Peter Efthimiatos re 266 MOTION to Amend/Correct 212 Judgment, (bp ) (Entered: 06/09/2015) |
| 06/23/2015 | 270 | INITIAL REVIEW ORDER filed in 4:15-cv-00045. For the reasons set forth in the written order, the 2255 Motion (1) is DENIED. Outstanding motions on the civil docket ((3), (4), (5), (6)) and this criminal docket ( 264 , 266 ) are DENIED as moot. Signed by Judge Stephanie M. Rose on 6/23/2015. (DT) (Entered: 06/23/2015) |
| 06/25/2015 | 271 | Judgment filed in 4:15-cv-45 as to Angelo Peter Efthimiatos. (sc) (Entered: 06/25/2015) |
| 08/05/2015 | 273 | NOTICE OF APPEAL ***Original filed in the 8th CCA on 7/13/15*** by Angelo Peter Efthimiatos re 270 Order on Motion to Alter Judgment,, Order on Motion to Amend/Correct,. (don, ) (Entered: 08/05/2015) |
| 08/05/2015 | 274 | NOTIFICATION OF APPEAL and NOA Supplement by District Court Clerk to USCA as to Angelo Peter Efthimiatos re 273 Notice of Appeal - Final Judgment filed on 8/5/2015 (don, ) (Entered: 08/05/2015) |
| 03/01/2016 | 275 | EXHIBIT WITHDRAWAL LETTER to John L Lane. Withdrawal of Exhibits due by 3/31/2016. (Attachments: # 1 Receipt for Exhibits) (bp ) (Entered: 03/01/2016) |
| 03/01/2016 | 276 | EXHIBIT WITHDRAWAL LETTER to Clifford R Cronk, III. Withdrawal of Exhibits due by 3/31/2016. (Attachments: # 1 Receipt for Exhibits) (bp ) (Entered: 03/01/2016) |
| 03/10/2016 | 277 | EXHIBITS RECEIVED by John L Lane. (bp ) (Entered: 03/10/2016) |
| 03/10/2016 | 278 | EXHIBITS RECEIVED by Clifford R Cronk, III (bp ) (Entered: 03/10/2016) |
| 12/07/2017 | 287 | ORDER on Status Report and Issuance of a Summons as to defendant Angelo Peter Efthimiatos. Signed by Judge Stephanie M. Rose on 12/7/2017. (bp ) (Entered: 12/07/2017) |
| 12/07/2017 | 288 | Summons Issued in case as to Angelo Peter Efthimiatos. Hearing set for 1/17/2018 10:00 AM in Davenport - Room 120 - 1st Floor before Judge Stephanie M. Rose. (bp ) (Main Document 288 replaced on 1/16/2018) (bp). (Entered: 12/07/2017) |
| 12/27/2017 | | ***CJA Attorney Appointment accepted by Attorney Andrea D Mason for Angelo Peter Efthimiatos. (bp) (Entered: 12/27/2017) |
| 01/03/2018 | 289 | Summons Returned Executed on 01/02/18 as to Angelo Peter Efthimiatos. (bp) (Entered: 01/03/2018) |
| 01/17/2018 | 290 | Minute Entry for proceedings held before Judge Stephanie M. Rose: Initial Appearance - Violation Proceedings of Supervised Release as to Angelo Peter |

| | | Efthimiatos held on 1/17/2018. Defendant was appointed counsel. (Court Reporter Linda Egbers.) (kmc) (Entered: 01/17/2018) |
|---|---|---|
| 01/17/2018 | 291 | Minute Entry for proceedings held before Judge Stephanie M. Rose: Status Conference re 287 Order on Status Report as to Angelo Peter Efthimiatos held on 1/17/2018. (Court Reporter Linda Egbers.) (kmc) (Entered: 01/17/2018) |
| 01/17/2018 | 292 | CJA 23 Financial Affidavit by Angelo Peter Efthimiatos. (kmc) (Entered: 01/19/2018) |
| 01/17/2018 | 293 🔍 | ORDER FOR APPOINTMENT OF COUNSEL as to Angelo Peter Efthimiatos. Signed by Judge Stephanie M. Rose on 1/17/2018. (kmc) (Entered: 01/19/2018) |
| 01/19/2018 | 296 🔍 | ORDER MODIFYING THE CONDITIONS OF SUPERVISED RELEASE as to Angelo Peter Efthimiatos. Signed by Judge Stephanie M. Rose on 1/19/2018. (kmc) (Entered: 01/20/2018) |
| 01/20/2018 | 294 🔍 | EXHIBIT AND WITNESS LIST as to Angelo Peter Efthimiatos in re 291 Status Conference. (kmc) (Entered: 01/20/2018) |
| 01/20/2018 | 295 🔍 | EXHIBITS RECEIVED by Andrea D Mason re 291 . (kmc) (Entered: 01/20/2018) |
| 04/12/2018 | 298 🔍 | MOTION for Revocation of Supervised Release as to Angelo Peter Efthimiatos, MOTION for Warrant for Offender Under Supervision as to Angelo Peter Efthimiatos (Hauf, Kari) (Entered: 04/12/2018) |
| 04/12/2018 | 299 🔍 | ORDER granting 298 🔍 Motion for Warrant for Offender Under Supervision as to Angelo Peter Efthimiatos. Signed by Judge Stephanie M. Rose on 4/12/2018. (dmh) (Entered: 04/12/2018) |
| 10/15/2018 | 303 🔍 | Emergency Petition for a Writ of Mandamus, Declaratory Judgment and Injunctive Relief filed with the 8th Circuit Court of Appeals as to Angelo Peter Efthimiatos. (bp) (Entered: 10/22/2018) |
| 10/16/2018 | 302 | TRANSCRIPT of Proceedings as to Angelo Peter Efthimiatos re 291 Status Conference held on 1-17-18 before Judge Rose. Tape/Page No(s): 1-38. Court Reporter/Transcriber Linda Egbers, Telephone number 563-884-7737. Transcript may be viewed at court public terminal or purchased through Court Reporter/Transcriber before deadline for Release of Transcript Restriction. After that date it may be obtained through court reporter, Clerk's Office, or PACER. Redaction Request due 11/9/2018. Redacted Transcript Deadline set for 11/19/2018. Release of Transcript Restriction set for 1/17/2019. (Egbers, Linda) (Entered: 10/16/2018) |
| 10/22/2018 | 304 🔍 | Judgment from the 8th Circuit Court of Appeals as to Angelo Peter Efthimiatos re 303 🔍 Notice (Other). Petition for writ of mandamus has been considered by the court and is denied. (bp) (Entered: 10/22/2018) |
| 10/22/2018 | 305 🔍 | MANDATE from the 8th Circuit Court of Appeals as to Angelo Peter Efthimiatos. (bp) (Entered: 10/22/2018) |
| 11/19/2018 | | Arrest of Angelo Peter Efthimiatos in District of Vermont. (dmh) (Entered: 11/20/2018) |
| 12/12/2018 | 311 🔍 | Emergency Petition for Declaratory Judgment and Injunctive Relief as to Angelo Peter Efthimiatos. Responses due by 12/19/2018. (Attachments: # 1 🔍 Exhibits) (bp) (Entered: 12/13/2018) |
| 12/21/2018 | 312 🔍 | Rule 5(c)(3) Documents Received as to Angelo Peter Efthimiatos from the |

Insert shipping
document here. ▶



ORIGIN ID:EHTA   (860) 408-7000
JOSEPH CASTAGNO

WESTCOTT PLAZA
35 TOWER LANE
AVON, CT 06001
UNITED STATES US

SHIP DATE: 03JAN19
ACTWGT: 1.00 LB
CAD: 5508595/INET4040

BILL SENDER

TO   JOHN S. COURTER, CLERK OF COURT
     UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF IOWA
     123 EAST WALNUT STREET, SUITE 300
     DES MOINES IA 50309
     (563) 884-7607            REF:
INV:
PO:                      DEPT:

FedEx
Express

E

FRI - 04 JAN 3:00P
STANDARD OVERNIGHT



TRK#
0201   7741 0955 5090

XH DSMA          50309
        IA-US   DSM



515   7   B
   15:00  5090
          01.04

Extreme...ent

Express

EX
(R)